UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINE JULIA TAYLOR,<br><br>                                Plaintiff,<br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social SECURITY,<br><br>                                Defendant. | Case No.: 23CV1040-BLM<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING OF FEES OR COSTS**<br><br>**[ECF NO. 2]** |

      The instant matter was initiated on June 5, 2023 when Plaintiff filed a complaint seeking review of the Commissioner's decision to deny Plaintiff's application for Social Security Disability Insurance and Supplemental Security Income benefits for lack of disability. ECF No. 1 at 1. That same day, Plaintiff filed an Application To Proceed In District Court Without Prepaying Fees or Costs. ECF No. 2. Plaintiff has not established that she is unable to pay the $402 filing fee without impairing her ability to pay for life's necessities. Accordingly, Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs is **DENIED**.

      **<u>Application to Proceed in District Court without Prepaying Fees or Costs</u>**

      All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1915(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a), which states:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees or

security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), reversed on other grounds by, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."). It is well-settled that a party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs ... and still be able to provide for himself and dependents with the necessities of life." Id. at 339. At the same time, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, ... the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984). District courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. See, e.g., Allen v. Kelley, 1995 WL 396860, at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed IFP, later required to pay $ 120 filing fee out of $ 900 settlement proceeds); Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (IFP application denied because the plaintiff possessed savings of $ 450 and that was more than sufficient to pay the $60 filing fee). Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

Plaintiff has not satisfied her burden of demonstrating that she is entitled to IFP status. According to her affidavit in support of application, Plaintiff is not employed and has no income except for the $281 per month that she receives in public assistance. ECF No. 2 at 1-2. Plaintiff receives a monthly $2000 loan from her father but states that she must pay the money back once she receives her social security benefits. Id. at 2, 5. Plaintiff is not married, has no dependents, does not have a savings account, and has $100 in her checking account. Id. at 2-3. Plaintiff states that she pays a mortgage and owns a 2016 Nissan Rouge worth about

$10,000.  Id. at 3.  Plaintiff spends approximately $900 per month in mortgage and insurance payments[1], $100 per month on home maintenance, $281 per month on food, $50 per month on clothing, $200 per month on transportation, $200 per month on car insurance, $400 per month on utilities, and $50 per month on entertainment.  Id. at 4-5.  Plaintiff's monthly expenses total $2181.  Id. at 5.

Although Plaintiff is not employed, she is making a mortgage payment which indicates that she owns a home.  Id. at 3.  She also owns a vehicle worth $10,000 and receives $2000 per month from her father.  Id. at 2-3.  While Plaintiff states that she must eventually repay the loan amount, her total monthly income ($2281) exceeds her total monthly expenses ($2181) by $100 indicating that she should have some savings and can afford the filing fee.  In addition, some of her listed expenses are not "necessities of life" in the amount listed so Plaintiff can minimize or eliminate them for a month or two to pay the filing fee.  Based upon the foregoing, the Court finds that Plaintiff has not established that she is unable to pay the $402 filing fee without impairing her ability to pay for life's necessities.

## CONCLUSION

Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs is **DENIED**. No later than **July 7, 2023**, Plaintiff must pay the $402 filing fee. If Plaintiff fails to so, the Court will dismiss the Complaint and close the case.

**IT IS SO ORDERED**.

Dated:  6/15/2023

Hon. Barbara L. Major
United States Magistrate Judge

---

[1] Plaintiff does not list the current value of her home as requested on the Application To Proceed In District Court Without Prepaying Fees or Costs.  ECF No. 2 at 3.